UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DEVIN DWYER

Plaintiff

v.

GERALD STICKER, IN HIS CAPACITY
AS SHERIFF OF TANGIPAHOA PARISH;
TURN KEY HEALTH CLINICS, LLC;
EMT RORY RICKS; LPN BRANDI
JONES; SERITA GOODLY; TAMMIE
WALGAMOTTE; SAVANNAH CLARK;
ELIZABETH SIMS; AND DR. MICHAEL
DAY

Defendants

CIVIL ACTION NO. 2:26-cv-00157

JUDGE CARL J. BARBIER

MAGISTRATE KAREN WELLS
ROBY

**ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**

NOW INTO COURT, through undersigned counsel, comes Turn Key Health Clinics, LLC

("Turn Key"), EMT Rory Ricks, LPN Brandi Jones, Serita Goodly, Tammie Walgamotte,

Savannah Clark, Elizabeth Sims, and Dr. Michael Day (collectively, "Defendants") and set forth

the following for their Answer and Affirmative Defenses in response to Plaintiff's Complaint.

I.

The allegations of Paragraph 1 of the Complaint are denied.

II.

The allegations of Paragraph 2 of the Complaint require no answer of these Defendants.

Defendants do not contest jurisdiction in this Court.

III.

The allegations of Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations of Paragraph 4 are directed toward another defendant and require no answer of these Defendants. In the event an answer is required, the allegations of Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

V.

The allegations of Paragraph 5 are admitted only as to the status and domicile of Turn Key. All allegations associated with any Turn Key contractual obligations are governed exclusively by the terms of the contract. To the extent any allegations of Paragraph 5 are inconsistent with the terms of the applicable contract, they are denied.

VI.

The allegations of Paragraph 6 of the Complaint are admitted to the limited extent that the individual Defendants have been employed by Turn Key at some point.

VII.

The allegations of Paragraph 7 of the Complaint are admitted to the limited extent that Elizabeth Sims was employed by Turn Key and acted within the scope of her employment.  All other allegations of Paragraph 7 of the Complaint are denied

VIII.

The allegations of Paragraph 8 of the Complaint are admitted to the limited extent that Dr. Michael Day was employed by Turn Key and acted within the scope of his employment.  All other allegations of Paragraph 7 of the Complaint are denied

IX.

The allegations of Paragraph 9 of the Complaint are admitted to the extent that Devin Dwyer was being held at Tangipahoa Parish jail.

X.

The allegations of Paragraph 10 are directed toward another defendant and require no answer of these Defendants. In the event an answer is required, the allegations of Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations of Paragraph 11 of the Complaint are denied.

XII.

The allegations of Paragraph 12 of the Complaint are denied.

XIII.

The allegations of Paragraph 13 of the Complaint are denied.

XIV.

The allegations of Paragraph 14 of the Complaint are denied.

XV.

The allegations of Paragraph 15 of the Complaint are denied.

XVI.

The allegations of Paragraph 16 of the Complaint are denied.

XVII.

The allegations in Paragraph 17 of the Complaint are admitted only in the event they are consistent with the Turn Key record. In the event the allegations are inconsistent or incomplete, they are denied.

XVIII.

The allegations of Paragraph 18 of the Complaint are denied.

XIX.

The allegations of Paragraph 19 of the Complaint are denied.

XX.

The allegations of Paragraph 20 of the Complaint are denied.

XXI.

The allegations of Paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations in Paragraph 22 of the Complaint are admitted only in the event they are consistent with the Turn Key record. In the event the allegations are inconsistent or incomplete, they are denied.

XXIII.

The allegations of Paragraph 23 of the Complaint are denied.

XXIV.

The allegations of Paragraph 24 of the Complaint are denied.

XXV.

The allegations of Paragraph 25 of the Complaint are denied.

4

XXVI.

The allegations of Paragraph 26 of the Complaint are admitted only in the event they are consistent with the Turn Key record. In the event the allegations are inconsistent or incomplete, they are denied.

XXVII.

The allegations of Paragraph 27 of the Complaint are denied.

XXVIII.

The allegations of Paragraph 28 of the Complaint are denied.

XXIX.

The allegations of Paragraph 29 of the Complaint are denied.

XXX.

The allegations of Paragraph 30 of the Complaint are denied.

XXXI.

The allegations of Paragraph 31 of the Complaint are denied.

XXXII.

The allegations of Paragraph 32 of the Complaint are denied.

XXXIII.

The allegations of Paragraph 33 of the Complaint are denied.

XXXIV.

The allegations of Paragraph 34 of the Complaint are denied.

XXXV.

The allegations of Paragraph 35 of the Complaint are denied.

## XXXVI.

The allegations of Paragraph 36 of the Complaint are denied.

## XXXVII.

The allegations of Paragraph 37 of the Complaint are denied.

## XXXVIII.

The allegations of Paragraph 38 of the Complaint are denied.

## XXXIX.

The allegations of Paragraph 39 of the Complaint are denied.

## XL.

The allegations of Paragraph 40 of the Complaint are denied.

## XLI.

The allegations of Paragraph 41 of the Complaint are denied.

## XLII.

The allegations of Paragraph 42 of the Complaint are denied.

## XLIII.

The allegations of Paragraph 43 of the Complaint are denied.

## XLIV.

The allegations of Paragraph 44 of the Complaint are denied.

## XLV.

The allegations of Paragraph 45 of the Complaint are denied.

## XLVI.

The allegations of Paragraph 46 of the Complaint are denied.

XLVII.

The allegations of Paragraph 47 of the Complaint are denied.

**AND NOW, FURTHER ANSWERING,** Defendants set forth the following Affirmative Defenses in connection with the Plaintiff's Complaint.

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**FIRST DEFENSE**</u>

The Complaint fails to state a claim against Defendants upon which relief can be granted.

<u>**SECOND DEFENSE**</u>

Any damage alleged by Plaintiff was caused or contributed to by Plaintiff and any recovery should be precluded or reduced.

<u>**THIRD DEFENSE**</u>

Any damage alleged by Plaintiff was caused or contributed to by the fault, negligence or want of due care, breach of contract, express or implied, of other persons, businesses, entities or corporations for whom Defendants not legally responsible.

<u>**FOURTH DEFENSE**</u>

In the alternative, if it is found that damages complained of were caused or contributed to by the fault of Defendants, which is specifically denied, Defendants plead the comparative fault of plaintiff and/or other persons, businesses, entities, or corporations for whom Defendants are not legally responsible, and Defendants are entitled to have any reward or recovery due plaintiff mitigated or reduced accordingly.

<u>**FIFTH DEFENSE**</u>

Defendants plead all benefits and immunities afforded to it pursuant to La. R.S. 15:703 for acts made within the course and scope of its contractual relationship.

## SIXTH DEFENSE

Defendants plead all benefits and immunities afforded to it pursuant to La. R.S. 13:5106, expressly including, but in no way limited to the statutory limitation of damages contained therein.

## SEVENTH DEFENSE

Defendants further plead that if plaintiff is entitled to any recovery, which these Defendants specifically deny, the costs and interest awarded will be fixed pursuant to La. R.S. 13:5112.

## EIGHTH DEFENSE

Defendants further plead that no claim is available to Plaintiff for the alleged violation of Civil Rights of Plaintiff as all Policies, Procedures and Protocols put in place were appropriate.

## NINTH DEFENSE

Defendants further plead all available defenses of sovereign, absolute, and/or qualified immunity under Louisiana or Federal law.

## TENTH DEFENSE

Plaintiff has failed to mitigate any and all damages claims are due and as a result any recovery shall be reduced or limited accordingly.

## ELEVENTH DEFENSE

Plaintiff is not entitled to recover attorneys' fees or punitive damages.

## TWELFTH DEFENSE

The Complaint fails to state a proper claim of relief under the Constitution of the United States or any United States statute.

## THIRTEENTH DEFENSE

Any actions taken by Defendants were in good faith and met the applicable standard of medical care in the correctional environment.

## FOURTEENTH DEFENSE

Defendants' actions were reasonable, justified, and legally permissible under the circumstances.

## FIFTEENTH DEFENSE

To the extent applicable, Defendants plead any or all statutory limitations of liability that may apply as a contractor with a political subdivision of the State of Louisiana in anyway related to any participation it may have had in policy making or discretionary acts decisions, including but not limited to immunity pursuant to La. R.S. 9:2798.1.  Defendants further plead any immunity or liability limitations available under La. R.S. 9:2800, et seq.

## SIXTEENTH DEFENSE

Plaintiff failed to exhaust the available administrative remedies as required by 42 U.S.C. §1997 and/or Louisiana state law.

## SEVENTEENTH DEFENSE

Defendants acted appropriately and did not demonstrate deliberate indifference to a serious medical need of Plaintiff as required under the Eighth and Fourteenth Amendments for this 42 U.S.C. §1983 claim to be viable.

## EIGTHTEENTH DEFENSE

Defendants affirmatively plead that Plaintiff's claims are prescribed and/or time-barred as a matter of law.

## NINETEENTH DEFENSE

Plaintiff has failed to set forth any basis for individual liability as to any of the individually named Defendants employed by Turn Key.

9

**DEMAND FOR JURY TRIAL**

These Defendants demand a trial by jury.

**WHEREFORE**, Turn Key Health Clinics, LLC, EMT Rory Ricks, LPN, Brandi Jones, Serita Goodly, Tammie Walgamotte, Savannah Clark, Elizabeth Sims, and Dr. Michael Day pray that this answer be deemed good and sufficient and that after due proceedings are had there be judgment in their favor, dismissing all claims asserted by plaintiff, with prejudice, at plaintiff's costs, and for any and all other just and equitable relief. These Defendants demand a trial by jury.

Respectfully submitted,

*/s/ Carl E. Hellmers, III*
**Carl E. Hellmers, III** (#25705)
**Ethan A. King** (#41297)
**Deutsch Kerrigan, L.L.P.**
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
chellmers@deutschkerrigan.com
Attorneys for Defendants, ***Turn Key Health Clinics, LLC, EMT Rory Ricks, LPN, Brandi Jones, Serita Goodly, Tammie Walgamotte, Savannah Clark, Elizabeth Sims, and Dr. Michael Day***

**CERTIFICATE OF SERVICE**

I certify that a copy of the above and foregoing pleading has been served upon all counsel of record by email, this 13th day of Apil 2026.

*/s/ Carl E. Hellmers, III*

10